**\*\*NOT PRINTED FOR PUBLICATION\*\***

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| GONZALO L. VILLASANA, SR. | § | |
| VS. | § | CIVIL ACTION NO. 9:17-CV-20 |
| CAPTAIN NEWMAN, *et al.*, | § | |

<u>MEMORANDUM ORDER</u>

Plaintiff, Gonzalo L. Villasana, Sr., an inmate confined at the Polunsky Unit with the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se* and *in forma pauperis*, filed the above-referenced civil rights action pursuant to 42 U.S.C. § 1983 against defendants Captain Newman and Sergeant M. Jones.

<u>Procedural Background</u>

A Report and Recommendation was entered on March 2, 2021, recommending the defendants' Motion for Summary Judgment be granted (docket entry no. 46). Receiving no Objections, a Memorandum Opinion and Order Adopting the Report and Recommendation and Final Judgment were entered on March 24, 2021 (docket entry nos. 47 & 48). Plaintiff's Objections were then docketed March 31, 2021 (docket entry no. 49). Currently pending is plaintiff's Motion to Alter or Amend Judgment filed April 19, 2021 (docket entry no. 50) in light of the Objections. As the motion was filed within 28 days of entry of Final Judgment, the motion is properly construed as a Motion to Alter or Amend Judgment filed pursuant to Federal Rule of Civil Procedure 59(e).

<u>Analysis</u>

A motion filed pursuant to Rule 59(e) of the Federal Rules of Civil Procedure "calls into question the correctness of the judgment" and "must clearly establish either a manifest error of law or fact or must present newly discovered evidence." *See Templet v. Hydrochem, Inc.*, 367 F.3d 473, 478 (5th Cir. 2004) (quoting *In re TransTexasGas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002)); *see also Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir. 2005) (internal quotations omitted). District

Courts have been given considerable discretion over whether to grant or deny a motion for reconsideration. *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993). Moreover, a Rule 59(e) motion "cannot be used to raise arguments which could, and should, have been made before the judgment issued. *Rosenzqeig v. Azurix Corp*. 332 F.3d 854, 63-64 (5th Cir. 2003). "Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Templet*, 367 F.3d 479.

      After a careful review, this court can find no manifest error of law or fact nor has plaintiff presented newly discovered evidence. While plaintiff spends considerable time in both his Objections and Motion to Alter or Amend Judgment rehashing the factual and legal support for his claims, plaintiff does not specifically address nor object to the critical finding of the Magistrate Judge with respect to causation. In the Report and Recommendation, the Magistrate Judge highlights plaintiff's own evidence in the form of two affidavits completed by plaintiff himself and his former cellmate Torres. Report and Recommendation, pg. 11 (docket entry no. 46); Exhibits A & B (docket entry no. 42). In the affidavits, the evidence demonstrates that plaintiff and his former cellmate were both served disciplinary reports due to the discovery of the contraband in their cell. In addition, Mr. Torres' affidavits also states that all the inmates were moved off the pod due to the discovery of the contraband. As outlined by the Magistrate Judge, these facts negate the "but for" requirement to establish the defendants' intent to retaliate against plaintiff specifically for filing a grievance against defendant Newman. *Johnson v. Rodriguez*, 110 F.3d , 299, 310 (5th Cir. 1997). This evidence "demonstrates that the defendants had a reasonable non-retaliatory motivation for writing the disciplinary case against plaintiff." Report and Recommendation, pg. 11 (citing *Jones v. Greninger*, 188 F.3d 322, 325 (5th Cir. 1999) (citing *Johnson*, 110 F.3d at 310)). As plaintiff has failed to show a genuine dispute of material fact as to a constitutional violation, defendants are entitled to qualified immunity as to plaintiff's claims for both retaliation and conspiracy.

      Plaintiff next appears to challenge the Magistrate Judge's findings with respect to the 1997e(e) bar of compensatory damages. This finding simply outlined the statutory limitation on

recovery for an action brought by a prisoner confined in a correctional facility for mental or emotional injuries suffered while in custody without a prior showing of a physical injury or the commission of a sexual act pursuant to 42 U.S.C. § 1997e(e). This requirement "applies to all federal civil actions in which a prisoner alleges a constitutional violation," including First Amendment and RLUIPA claims. *Geiger v. Jowers*, 404 F.3d 371, 375 (5th Cir. 2005); *see also Mayfield v. Tex. Dept' of Criminal Justice*, 529 F.3d 499, 603, 605-06 (5th Cir. 2008) (affirming district court's grant of summary judgment in favor of defendants, where prisoner only sought compensatory damages and did not allege any physical injury regarding his claim that defendants violated his First Amendment right to freely exercise his religion). The application of § 1997e(e) is based on "the relief sought, and not the underlying substantive violation." *Geiger*, 404 F.3d at 375; *see also Mayfield*, 529 F.3d at 605 ("We have held that the application of [§ 1997e(e). . . turns on the relief sought by a prisoner, and that it prevents prisoners from seeking compensatory damages for violations of federal law where no physical injury is alleged."). Section 1997e(e) does not bar claims for nominal and punitive damages. *See Pomier v. Leonard*, 532 F. App'x 553 (5th Cir. 2013); *Hutchins v. McDaniels*, 512 F.3d 193, 196-98 (5th Cir. 2007).

Plaintiff, however, now concedes he is not alleging emotional or mental damages as a result of the alleged constitutional violation. To be clear, plaintiff has never alleged a physical injury as a result of the alleged constitutional violation and is thus barred from seeking compensatory damages pursuant to § 1997e(e). It would appear, therefore, plaintiff is seeking only punitive damages and injunctive relief, relief for which he is not entitled as plaintiff has failed to show a genuine dispute of material fact as to any constitutional violation, let alone an ongoing constitutional violation.[1]

---

[1] Plaintiff did not plead nominal damages. Defendant Newman is no longer employed with TDCJ and defendant Jones is now a Laundry Manager III.

To the extent plaintiff raises new argument which could, and should, have been made before the judgment issued, these claims will not be considered by this court. *Rosenzqeig v. Azurix Corp*. 332 F.3d 854, 63-64 (5th Cir. 2003). It is, therefore,

**ORDERED** that Plaintiff's Motion to Alter or Amend Judgment in Light of the Objections (docket entry no. 50) is **DENIED**.

**So Ordered and Signed**
**Aug 8, 2021**

*[signature]*
Ron Clark
Senior Judge